IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYNTHIA JEAN DONELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1382-JLH |
| | ) |
| KILOLO KIJAKAZI, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Cynthia Jean Donelson appeals from an unfavorable decision of the Commissioner of the Social Security Administration[1] denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g). The parties have consented to entry of final judgment by the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

The parties filed cross-motions for summary judgment. (D.I. 18, 24.) For the reasons announced from the bench on October 29, 2021, the Court grants Plaintiff's motion and denies Defendant's motion.

### I.   LEGAL STANDARDS

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Kilolo Kijakazi was automatically substituted for former Commissioner of Social Security Andrew Saul when she succeeded him on July 9, 2021.

whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of

> all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II.   DISCUSSION

The decision of the Court was announced from the bench at the conclusion of the hearing as follows:

> Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied.
>
> Plaintiff argues that the ALJ erred at step four by failing to account for the total limiting effects of Plaintiff's cognitive and mental impairments and headaches when determining Plaintiff's residual functional capacity (RFC).  I agree that the case should be remanded for further consideration of the limiting effects of Plaintiff's migraine headaches and whether her headaches, in combination with her other impairments, require including limitations in the RFC for absenteeism or time off-task.
>
> The ALJ found that Plaintiff has a medically determinable impairment of migraine headaches that could reasonably be expected to cause the symptoms she alleged.  However, the ALJ found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the [medical] evidence of record.[2]
>
> Plaintiff's alleged onset date of disability is April 1, 2014. As for the persistence of Plaintiff's migraine headaches, the ALJ pointed out that the record supports a finding that, more recently, their frequency has been reduced by 90% as a result of Plaintiff's ongoing Botox treatments.  However, Plaintiff was not receiving those treatments during the entire alleged period of disability. Moreover, Plaintiff's testimony and the rest of the record suggests, and the ALJ appears to have found, that Plaintiff still experiences

---

[2] *See* 20 C.F.R. § 404.1529.

somewhere between three and eight headaches per month (and there is no substantial evidence otherwise).[3]

The ALJ stated that she took into account potential migraine triggers in formulating the RFC, which limited Plaintiff to lights no brighter than a typical office setting level and noise no louder than a typical office level.  However, the record suggests that Plaintiff's migraines are primarily triggered by the weather.[4]  And there is no substantial evidence that would support a finding that the noise and light restrictions adopted by the ALJ would prevent Plaintiff from having between three and eight migraine headaches per month.[5]

As for the intensity and limiting effects of the headaches, Plaintiff testified that they last between a half and a whole day and that she has to lie down in complete darkness with the windows closed.[6]  The ALJ did not account for any absentee days or time off-task in the RFC determination.  That suggests that the ALJ did not believe Plaintiff that she needed to lie down in the dark for between a half and a full day when she had a migraine.  Of course, the ALJ was not required to credit Plaintiff's statements regarding the intensity and limiting effects of her symptoms.  However, the ALJ did not sufficiently account for why they were not credited here.[7]

The ALJ pointed to evidence that the frequency of Plaintiff's migraines had improved with Botox treatment.  But how often Plaintiff has migraines is a separate issue from what she can do when she has them.  The Commissioner has pointed this Court to no medical opinion specifically suggesting that Plaintiff does not need to lie down in a dark room when she has a migraine (or any evidence generally suggesting that a person can perform light work while they are suffering from a migraine).

---

[3] (Transcript of Social Security Proceedings, D.I. 9–14 (Record or R.), at 24 ("[A]s of June 25, 2019, [Plaintiff] was having only 3 migraines per month with Botox."), 58–59, 61–62, 110, 2216–17, 2227.)

[4] (*See* R. at 58–59, 61–62, 108–09, 2227.)

[5] *See Overcash v. Saul*, No. 19-737, 2020 WL 1083787, at *14 (D. Del. Mar. 6, 2020), *adopted*, 2020 WL 3893032 (D. Del. July 10, 2020) (remanding where "the ALJ fail[ed] to explain the nexus, if any, between environmental limitations and migraine headaches").

[6] (R. at 61–63, 110–11.)

[7] 20 C.F.R. § 404.1529(c)(2), (3).

The Commissioner points out that the ALJ considered the fact that Plaintiff is able to take care of her children (one of whom is a teenager) with help from her parents and that Plaintiff recently took a two-week Disney vacation.[8] But neither of those facts are inconsistent with Plaintiff suffering debilitating migraines between three and eight times per month.

The Commissioner also suggested at argument that the ALJ might have relied on the fact that Plaintiff has been prescribed migraine "rescue" medications that provide some relief from breakthrough headaches.[9] But it is not apparent from the ALJ's decision that she actually relied on that fact. The ALJ certainly did not make an express finding that rescue medications would lessen Plaintiff's migraine symptoms to such a degree that she could continue to perform light work and would not need to lie down in a dark room for between a half and a full day. And it is unclear to me that there is substantial evidence in the record that would support such a finding.[10]

In sum, the determination that the RFC need not include limitations for time off-task or absenteeism is not supported by substantial evidence articulated by the ALJ. The Commissioner's decision is vacated and the matter is remanded back to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

On remand, the Commissioner should give further consideration to the evidence that Plaintiff is unable to perform light work when she is suffering from a migraine and explain the weight given to such evidence. The Commissioner should also consider evidence that Plaintiff's limitations may have changed since her alleged disability onset date in 2014.

---

[8] *See* 20 C.F.R. § 414.1529(c)(3) ("Factors relevant to your symptoms, such as pain, which we will consider include: . . . (i) Your daily activities.").

[9] *See* 20 C.F.R. § 414.1529(c)(3) ("Factors relevant to your symptoms, such as pain, which we will consider include: . . . (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.").

[10] (R. at 61–62, 2227.)

### III. CONCLUSION

Plaintiff's motion for summary judgment (D.I. 18) is DENIED and Defendant's motion for summary judgment (D.I. 24) is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Defendant and to CLOSE the case.

Dated: December 27, 2021

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE