IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYNTHIA JEAN DONELSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | C.A. No. 20-1382-JLH |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (D.I. 34.) Defendant does not support or oppose the motion. (D.I. 36.) For the reasons stated in more detail below, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

Plaintiff's counsel successfully obtained a remand of Plaintiff's case for further administrative proceedings. (*See* D.I. 34 ¶ 1, Ex. A.) The further proceedings resulted in a fully favorable decision for Plaintiff (*see id.*), and on November 4, 2023, the Social Security Administration issued its Notice of Award indicating that Plaintiff will receive $239,844.00 in net retroactive Social Security Disability Insurance benefits for the period of September 2014 through February 2024. (D.I. 34, Ex. B at 3.) As is standard practice, the Social Security Administration withheld 25 percent of the gross past-due benefits, totaling $59,961.00, for payment of attorney's

---

[1] This case was initially filed against then-acting Commissioner of the Social Security Administration, Kilolo Kijakazi. However, on December 20, 2023, Martin O'Malley was sworn in as Commissioner of the Social Security Administration; thus, Commissioner O'Malley has been substituted as Defendant in this matter.

fees. (*Id.*) The Social Security Administration has already issued a check to Plaintiff's attorneys in the amount of $6,000.00. (*Id.* ¶ 5.)

The Social Security Act allows an award of attorney's fees "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney." 42 U.S.C. § 406(b)(1)(A). The fee must be "reasonable" and, in any event, should not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* Plaintiff and his counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. (*See* D.I. 28 ¶ 4, Ex. C.) Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel and co-counsel's willingness to share this fee, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. *See Wilson v. Astrue*, 622 F. Supp. 2d 132, 136–137 (D. Del. 2008); *Tucker v. Berryhill*, No. 13-1246-LPS, 2017 WL 4613621, at *1 (D. Del. Oct. 16, 2017). Additionally, consistent with his legal obligations, counsel has represented that he will refund the previously obtained Equal Access to Justice Act ("EAJA") fees[2] to Plaintiff upon receipt of the fees requested here. (D.I. 34 ¶ 5.) *See Furniss v. Astrue*, No. 05-863-JJF, 2008 WL 3982393, at *1 (D. Del. Aug. 25, 2008).

---

[2] Counsel was previously awarded EAJA fees in the amount of $9,999.99. (*See* D.I. 33.)

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. That the Court authorizes a payment to **Gary C. Linarducci, Esquire**, in the amount of Fifty-Three Thousand, Nine Hundred and Sixty-One dollars and 00/100 cents ($53,961.00) in attorney's fees being withheld from Plaintiff's past-due benefits for court-related services; and

2. Upon receipt of this sum, Plaintiff's counsel shall remit Nine Thousand, Nine Hundred Ninety-Nine and 99/100 cents ($9,999.99) directly to Plaintiff, representing the sum already paid to Plaintiff's counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: June 13, 2024

                                                    Jennifer L. Hall
                                                    UNITED STATES MAGISTRATE JUDGE